UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Stephanie B., | Civ. No. 22-837 (JWB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Kilolo Kijakazi, *Acting Commissioner of Social Security*, | |
| Defendant. | |

---

Clifford Michael Farrell, Esq., Manring & Farrell; and Edward C. Olson, Esq., Reitan Law Office, counsel for Plaintiff.

Ana H. Voss, Esq., United States Attorney's Office; Angela Thornton-Millard, Esq., James D. Sides, Esq., and Michael Moss, Esq., Social Security Administration, counsel for Respondent.

---

Plaintiff sued to challenge the Acting Commissioner of Social Security's decision to deny her application for disability benefits. Each party moved for summary judgment. (Doc. Nos. 19, 21.) This matter is before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge David T. Schultz dated April 4, 2023. (Doc. No. 27.) The R&R recommends denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. Plaintiff timely objected to the R&R. (Doc. No. 29.)

A district court reviews *de novo* any aspect of an R&R to which a party timely objects. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Based on that *de novo* review, the Court agrees with the R&R's analysis and conclusions.

Plaintiff's objection centers on whether the Administrative Law Judge ("ALJ") complied with 20 C.F.R. § 404.1520c during the supportability evaluation of the opinion evidence from Dr. Galindo and Dr. Wiger. The regulation states that the Commissioner "will not defer or give specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The most important factors, when determining how persuasive a medical opinion or finding is, are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). In assessing the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). An ALJ must explain how they considered both the consistency and supportability elements. 20 C.F.R. § 404.1520c(b)(2).

The Court has reviewed the ALJ's decision and concludes the ALJ sufficiently addressed the supportability of Dr. Galindo's and Dr. Wiger's opinions. The ALJ's discussion of their treatment and examination notes reflects the ALJ's consideration of the supportability factor with respect to their opinions. *See Troy L.M. v. Kijakazi*, No. 21-cv-199 (TNL), 2022 WL 4540107, at *11 (D. Minn. Sept. 28, 2022) (citing *Martise v.*

*Astrue*, 641 F.3d 909, 925 (8th Cir. 2011) ("An ALJ may justifiably discount a treating physician's opinion when that opinion is inconsistent with the physician's clinical treatment notes." (quotation omitted))). And "[t]he ALJ's explanation as to persuasiveness does not need to be lengthy." *Newman v. Kijakazi*, No. 5:22-59-KKC, 2023 WL 2700700, at *2 (E.D. Ky. Mar. 29, 2023) (quotations omitted). Further, substantial evidence in the record as a whole supports the ALJ's residual functional capacity ("RFC") finding. "Reversal is not warranted . . . merely because substantial evidence would have supported an opposite decision." *Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021) (quotations omitted). Because the record could also reasonably support the ALJ's findings, the Court will not disturb the ALJ's decision. *Id.*; *see also Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (holding that courts "will disturb the ALJ's decision only if it falls outside the available zone of choice" (citation omitted)). For these reasons, the Court overrules Plaintiff's objection and accepts the R&R.

    **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection (Doc. No. 29) is **OVERRULED**;
2. The Report and Recommendation (Doc. No. 27) is **ACCEPTED**;
3. Plaintiff's Motion for Summary Judgment (Doc. No. 19) is **DENIED**; and
4. Defendant's Motion for Summary Judgment (Doc. No. 21) is **GRANTED**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: May 11, 2023　　　　　　　　　　　　　*s/ Jerry W. Blackwell*
                                                                         JERRY W. BLACKWELL
                                                                         United States District Judge